The Honorable Francis J. Christie Circuit Judge Eleventh Judicial Circuit Dade County Courthouse 73 West Flagler Street Miami, Florida 33130
Dear Judge Christie:
This is in response to your request for guidelines with regard to substantially the following question:
 MAY THE PERSONAL ASSETS OF A RESIDENT DECEDENT'S ESTATE BE ACQUIRED BY OR DISTRIBUTED TO A CUBAN NATIONAL?
As an administrative judge of the Probate and Guardianship Division of the Circuit Court of Dade County, you have requested guidance regarding the appropriate distribution or transfer of the assets of resident decedents' estates to Cuban nationals or residents of Cuba.
In an effort to advise you regarding both state and federal law in this area, the United States Department of State and Department of the Treasury were contacted during the preparation of this opinion and advised of the nature and scope of the opinion request. With the exception of the federal Cuban Assets Control Regulations and related documents discussed herein (which were not promulgated pursuant to any treaty between the United States and Cuba) there is no existent treaty or federal statute or regulations relevant to the above stated question.
The Office of Foreign Assets Control of the United States Department of the Treasury administers the Cuban Assets Control Regulations, 31 C.F.R. Part 515, which prohibit all unlicensed economic transactions in which Cuba or a Cuban national has an interest. A Cuban national is defined to include any person who has been a citizen of Cuba on or since July 8, 1963 (which is the effective date of the regulations); any person who resides in or has been present in Cuba on or since July 8, 1963; and any partnership, association, corporation or other organization which has been organized under the laws of or has had its principal place of business in Cuba on or since the effective date. See, 31 C.F.R. ss 515.302, 515.305. The purpose and effect of such regulations, according to information furnished to this office by the Office of Foreign Assets Control, are to prevent the flow of U.S. dollars to Cuba and to freeze funds belonging to Cuban citizens until such time as relations between the United States and Cuba are normalized and claims by United States citizens against the Cuban government for confiscated property are settled.
Under the regulations, the administrator of an estate is required to deposit certain types of blocked property of any Cuban national heirs into a blocked, interest-bearing account in a domestic bank. See, 31 C.F.R. s 515.319, which defines "blocked account" and s 515.327, defining "blocked estate of a decedent." The account must be designated by the financial institution as one blocked under the Cuban Assets Control Regulations. See, s 31 C.F.R. s 515.523. The regulations mandate that the account must earn interest at no less than the maximum rate payable on the shortest time deposit in the domestic bank where the account is held. See, 31 C.F.R. s 515.205(g). Section 515.523 authorizes certain specified transactions in connection with the administration of the assets of any blocked estate of a decedent including the appointment and qualification of a personal representative; the collection and preservation of such assets by the personal representative and the payment of costs in connection therewith; and the payment of funeral expenses and expenses of the last illness by the personal representative.
It is the general rule under the common law that an alien may acquire and hold personal property under a will (3 C.J.S. Aliens s 31) and may take and hold real property by devise (3 C.J.S. Aliens s 32a). See also, 3 C.J.S. Aliens s 33a (at common law an alien may take personal property as next of kin). Thus, at common law, an alien can acquire or take real or personal property under a will, and may acquire or take personal property by descent. However, at common law an alien cannot take real property by descent in the absence of a constitutional, statutory or treaty provision authorizing such taking, 3 C.J.S. Aliens s 33a. See also, 3 C.J.S. Aliens s 34 (generally, an alien may acquire land within a state by inheritance only by grace of the state). ArticleI, s 2 of the Florida Constitution, as amended at the general election of November 5, 1974, provides inter alia, that "the ownership, inheritance, disposition and possession of real property by aliens ineligible for citizenship may be regulated or prohibited by law." Florida statutory law, which makes no distinction between real and personal property, provides that "[n]o person is disqualified to take as an heir because he, or a person through whom he claims, is, or has been, an alien." Section732.1101, F.S. An "heir" is defined, for purposes of the Florida Probate Code (Chs. 731-735, F.S.) as a person who is entitled under the statutes of intestate succession to the property of a decedent. See, s 731.201(18), F.S. "Property" is defined to mean both real and personal property or any interest therein and anything that may be the subject of ownership. Section731.201(28), F.S. Section 732.1101, F.S., would, therefore, appear to authorize inheritance of real and personal property in this state by aliens by descent or intestate succession.
In sum, while it would appear that aliens are entitled under state law to take both real and personal property through testamentary disposition or intestate succession, in view of the Cuban Assets Control Regulations (31 C.F.R. Part 515) and unless and until a Florida court should rule otherwise, personal assets of a resident decedent's estate which are subject to the regulations should not be distributed or transferred or ordered to be distributed or transferred to a Cuban national or resident of Cuba. Any such assets, pursuant to the regulations, should be deposited into a "blocked account," as defined in s 31 C.F.R. s 515.319, in a domestic bank as defined in s 515.320 or held in a "blocked estate" as defined in 31 C.F.R. s 515.327, as is appropriate.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General